## FAILURE TO ESTABLISH MORAL TURPITUDE.

Court of Appeals for Ashland County.

IN THE MATTER OF THE COMPLAINT AGAINST ROBERT M. CAMPBELL, AN ATTORNEY AND COUNSELOR AT LAW OF ASHLAND COUNTY, OHIO.

Decided, June Term, 1913.

*Attorney and Client—Not Unprofessional to Prosecute a Claim for Services—Sponging Clients—Order of Disbarment Set Aside.*

1. An action for recovery of compensation for services rendered by an attorney for the benefit of a decedent during her lifetime and in the settlement of her estate after her death, negative testimony given by persons having a pecuniary interest in the estate, to the effect that they had no knowledge of the rendering of such services, can not be accepted as overbalancing direct and convincing testimony as to the extent and nature of the services, given by the attorney himself and corroborated in large measure by testimony by the executor of the estate.

2. Nor does the fact that counsel for the said attorney abandoned the claim, and ordered that it be withdrawn, when confronted by a stubborn contest in court, disprove in anywise the merit of the claim; and an order disbarring the said attorney for unprofessional conduct involving moral turpitude in presenting and prosecuting such a claim will be set aside.

VOORHEES, J.; SHIELDS, J., and POWELL, J., concur.

This cause is in this court by appeal from the Court of Common Pleas of Ashland County and is submitted to the court upon the complaint in writing against said Robert M. Campbell preferred by order of the judges of the court of common pleas of the sixth district of Ohio, wherein, among other charges and specifications, charge number two charges that said Robert M. Campbell was guilty of unprofessional conduct involving moral turpitude in this, to-wit:

First Specification. "On or about the first day of October, 1907, said Robert M. Campbell presented to one George A. Ullman, executor of the estate of one Mary Freer, deceased, a claim for compensation for services as an attorney at law alleged to have been rendered by said Campbell to said Mary Freer during her lifetime, which claim amounted to $2,400, which claim was allowed by said executor. In fact the said Campbell had rendered no such service to said Mary Freer and had no claim against her said estate, or if any services were so rendered by said Campbell, the claim so presented was largely in excess of the reasonable value of such services.

"By means of the aforesaid claim the said Robert M. Campbell obtained from George A. Ullman, as executor of the estate of said Mary Freer, deceased, the sum of $2,400 of the money of said estate, thereby defrauding said estate and the legatees under the will of the said Mary Freer, deceased."

Said cause was heard in the court of common pleas to the judges of said sixth district upon said complaint on said charge number two and the specification thereunder and the evidence, resulting in a finding by said court that said Robert M. Campbell has been guilty of misconduct in his office of attorney and counselor at law involving moral turpitude as charged in the second charge of said specifications. And it was

"Ordered and decreed by the court that the said Robert M. Campbell be, and he is, hereby removed from his office of attorney and counselor at law in the courts of the state of Ohio, and that the name of the said Robert M. Campbell be stricken from the roll of attorneys."

To this finding and judgment of the court the said Robert M. Campbell appealed to said circuit court, and the court fixed the bond for said appeal at the sum of one hundred dollars. Thereupon such proceedings were had in the premises that the appeal of said cause to said circuit court was perfected and the same came on for hearing at the June term, 1913, of the court of appeals of said county, which court is the successor in jurisdiction of said circuit court, to which said cause was appealed as aforesaid, and the same was submitted at said June term upon said complaint and the evidence.

The case was tried in this court on the testimony taken in the court below and by agreement of the parties the transcript of testimony so taken was submitted to the court in behalf of the respective parties the same as if the witnesses were offered and examined in open court.   The transcript and the evidence offered by both parties on the trial were all the evidence in the case.

In support of said second charge and the specifications thereunder a number of witnesses were called and testified, among whom were Francis J. Freer, Mrs. James Smith, Bertha Boyd, Mrs. Francis Freer, Judge McAdoo, Harry L. Hess, Mrs. Frank Freer, Frank Freer and J. A. Shearer.   The testimony of these witnesses may be designated as negative testimony.   They do not assume to know anything direct upon the claim involved in said charge number two, and the only reason that they give why said claim is not a valid claim against the estate of said Mary Freer, deceased, was that they never saw Judge Campbell at the home or residence of said Mary Freer, never saw him in consultation with her or doing any business for her, and therefore they came to the conclusion that he had no valid claim against her estate.

Most of these witnesses are relatives of said Mary Freer, deceased, and therefore directly interested in said estate.   While they are only collateral heirs, yet they are financially and pecuniarily interested in said estate, and upon this class of testimony and of this negative character the court found the said Robert M. Campbell guilty of misconduct as an attorney at law involving moral turpitude.

Said complaint is based under favor of Section 1707 of the General Code of Ohio, and should receive a strict construction, and the complaint should be sustained by clear and convincing proof, if not by proof beyond a reasonable doubt.

To this complaint said Robert M. Campbell offered himself as a witness and testified as to his relations to said Mary Freer and her estate which came to her from her deceased husband, one Jonas Freer.   It seems from the history of the case and Judge Campbell's connection therewith that he had been the attorney of said Jonas Freer and his brother, Randolph Freer, for a num-

ber of years and had been their advisor and counselor in many of their business affairs; that they had a large estate and many transactions of a legal nature of importance, in all of which Judge Campbell was the advisor and counselor; that upon the death of said Jonas Freer said estate passed to and became the property of said Mary Freer. Among other assets of said estate were some six or seven farms in said Ashland county, together with real estate situated in the city of Ashland, and said Mary Freer, having been aware and advised of the fact that Judge Campbell had been the advisor and attorney of her husband, sought his advice, and also through her agent, said George Ullman, who during her life from the death of her said husband was her agent managing her business matters, including the management of said farm. In connection with said business said agent, George Ullman, consulted said Robert M. Campbell and at her solicitation communicated to said Robert M. Campbell. He also called on her at her residence a number of times in consultation concerning her business matters, among which was the preparation of wills for herself. And by express agreement made with said George Ullman, as agent of said Mary Freer, and with her knowledge and consent, it was agreed that said Robert M. Campbell should be the advisor of said Ullman in reference to the legal matters concerning said estate, and this condition continued until the death of said Mary Freer, but no compensation was paid to him during the lifetime of said Mary Freer. It was understood between said Mary Freer, Ullman and Campbell that the compensation was to be paid at the death of the said Mary Freer, and in addition to the compensation for services rendered during the lifetime of said Mary Freer he was to represent said Ullman as the executor of said Mary Freer's estate.

Said Robert M. Campbell's statement of the services performed and his relations to said Mary Freer and said George Ullman is given in detail and very frankly by said Robert M. Campbell, in such a way and manner that it certainly refutes any of the negative claims that are made by the witnesses for the complaint as hereinbefore referred to. His testimony is entitled to more favorable consideration and weight than all the negative testi-

mony of the interested parties, wherein their only reason for their theory of the case that there was no just claim against said Mary Freer's estate was that they never saw said Robert M. Campbell at her home or in consultation with her.

But in addition to the statements of Judge Campbell, much of his testimony is corroborated by said George Ullman, especially with reference to business matters of said estate in which they had the benefit of said Robert M. Campbell's advice and experience as a lawyer. So that if said Robert M. Campbell was not the attorney of said Mary Freer during her lifetime so that she could be considered a client, she evidently was what might be termed a sponger upon the time and services of said R. M. Campbell.

It no doubt is within the range or experience of every lawyer of extended practice, that there is a class of persons who, while they do not pay attorneys, are always willing to receive their advice and counsel in reference to business matters pertaining to their estates, and the larger the estate the greater the benefit that class of clients receive with the least expense to them.

It appears from the testimony in the case that in fact there was nothing paid on said claim, although a receipt was given by said R. M. Campbell, but there was no money actually paid. The only thing that was done in that regard was that a check was given for the amount, but with the understanding and on the condition that the same was not to be paid until the rumored exceptions to be filed to the account of said executor were heard and determined. It seems that the counsel for said R. M. Campbell, and perhaps the judge himself, lost their nerve in the trial of this case, and in open court directed and consented that said claim be withdrawn and the same was withdrawn. This fact does not necessarily discredit the validity of said claim. The only thing that it tends to show is, as has been indicated, want of nerve in counsel to fight for a claim which seemed to be just and fair, and the fact that it was withdrawn does not carry with it necessarily evidence of the claim not having merit, or that the same was not an honest and just claim against said estate. We think under the circumstances as disclosed in the evidence in this case that the claim was just and should have been paid.

Taking into consideration the relation of these parties, in view of the testimony of Judge Campbell and the executor, George Ullman, this court is clearly of the opinion that there is no ground for a finding that said R. M. Campbell has been guilty of unprofessional conduct involving moral turpitude in the management of said estate, and in the claim he presented to the administrator for allowance. This court is at a loss to see or find upon what theory the judges of the court of common pleas found the charge number two and the specifications thereunder true. On the contrary this court is of the opinion that said charge is not supported by any evidence and that there was no misconduct in the presenting of an account to the executor of said Mary Freer's estate under the circumstances and conditions upon which the services or much of the services charged in said account were rendered and performed.

Therefore the court is unanimous in the opinion that said charge number two is not sustained by sufficient evidence and that there are no grounds justifying the disbarment of said Robert M. Campbell as an attorney at law from practicing in the courts of the state of Ohio, or for striking his name from the list of attorneys in said state, and the judgment of this court is that said complaint be, and the same is hereby dismissed, and said R. M. Campbell is restored to all the rights and privileges of an attorney at law in the state of Ohio, and to all rights that he has lost by reason of said complaint and the proceedings thereunder had in the court of common pleas, and that he recover his costs in this proceeding against the state of Ohio.

The other charges and specifications contained in said complaint are not supported by any evidence in the case to warrant a finding or judgment against said Robert M. Campbell, and therefore the same are dismissed.